**HAWAII COUNTY GREEN PARTY, Plaintiff,**

v.

**William J. CLINTON, et al., Defendants.**

**No. CIV. 98–00232 ACK.**

United States District Court, D. Hawaii.

Aug. 7, 1998.

---

Lanny Sinkin, Hilo, HI, for Hawaii County Green Party, plaintiff.

Thomas A. Helper, Office of the United States Attorney, Honolulu, HI, Mark A. Brown, U.S. Department of Justice Environment & Natural Resources Division, Washington, DC, for William Jefferson Clinton, John H. Dalton, William M. Bailey and Christopher W. Clark, defendants.

## ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS

KAY, Chief Judge.

### STATEMENT OF FACTS

A detailed discussion of the facts in this case may be found in the Court's March 1998 Order Denying Plaintiff's Motion For Temporary Restraining Order. Currently before the Court are two motions: (1) the Federal Defendants' motion to dismiss for lack of subject matter jurisdiction; and (2) the Hawaii County Green Party's ("Green Party") motion for declaratory relief and a preliminary injunction.

On May 19, 1998, the named Federal Defendants filed a motion to dismiss Green Party's amended complaint for lack of subject matter jurisdiction. On June 8, 1998, Green Party filed their opposition thereto. No reply was received.

On June 8, 1998, Green Party filed a motion requesting declaratory relief and issuance of a preliminary injunction. In its motion for a preliminary injunction, Green Party requests the Court to: (1) order the National Marine Fisheries Service ("NMFS") to revoke the February 18, 1998 Amended Permit granted to Dr. Christopher Clark; and (2) enjoin the NMFS from issuing any future permits that would allow low-frequency active sonar tests and research ("LFA sonar research") in Hawaiian waters. Motion for Preliminary Injunction, pp. 24–25. On July 17, 1998, the Federal Defendants filed their opposition to which Green Party replied on July 24, 1998. These matters came on for hearing on August 4, 1998.

### STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either attack the allegations of the complaint or may be made as a "speaking motion" attacking the existence of subject matter jurisdiction in fact. *Thornhill Publishing Co., Inc. v. Gen'l Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir.1979). Where the motion to dismiss is a "speaking motion," no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. *Id.*

Pursuant to a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court may receive among the forms of competent evidence affidavits to resolve any factual dispute. *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983); *National Expositions, Inc. v. DuBois*, 605 F.Supp. 1206, 1207–08 n. 2 (W.D.Pa. 1985). The consideration of such evidence does not convert a motion to dismiss into one for summary judgment. *Id.* Moreover, the burden is on the plaintiff to prove, by affidavits or other evidence, that subject matter jurisdiction does in fact exist. *Id.; St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.1989).

### DISCUSSION

**I. The Court Previously Determined That Green Party Had The Requisite Standing To Bring Suit**

Under Article III, the "judicial power" of federal courts is limited to the resolution of "cases" or "controversies." The constitution thus empowers federal courts to adjudicate the legal rights of litigants who present actual controversies. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). "The requirements of Article III are not satisfied merely because a party requests a court of the United States to declare its legal rights, and has couched that request for forms of relief historically associated with courts of law in terms that have a familiar ring to those trained in the legal process." *Id.* The power to decide the rights of individuals "is legitimate only in the last resort, as a necessity in the determination of real, earnest and vital controversy." *Id.* (citation and internal quotation marks omitted).

As a necessary element of the "case" or "controversy" requirement, federal courts have required that a litigant have "standing to challenge the action sought to be adjudicated in the lawsuit." *Id.* The traditional standing doctrine is comprised of three elements. "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations and internal quotation marks omitted); *see also San Diego County Gun Rights Committee v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996).

Green Party's amended complaint ("Complaint") alleges, *inter alia*, that it is "a political organization devoted to public education regarding protection of the environment and to electing candidates for political office who embrace that commitment." Complaint, p. 3. Green Party further alleges that almost all of their members are residents of or own property on the Big Island of Hawaii and that these members use the surrounding waters for "recreation, sport, food, gathering, and personal restoration and healing." *Id.* Finally, Green Party states that it has informed the Secretary of Commerce ("Secretary") on numerous occasions of noted "disruptions in the marine environment, distress in marine mammals, and injury to human beings" during the sonar testing to date. Green Party asserts that the failure of the Secretary to immediately cease the LFA sonar research is a direct violation of the mitigation requirements of the Environmental Assessment as

incorporated into the NMFS Amended Permit.

The Court, in its March 1998 Order Denying Plaintiff's Motion For TRO, discussed at length whether Green Party had properly asserted the requisite standing to maintain its suit. The Court concluded that Green Party had failed to satisfy the traditional standing requirement of Article III as articulated in *Lujan,* finding that

> Green Party has failed to adequately allege the requisite injury in fact to establish traditional standing. Green Party expressly states that its members are residents of or property owners on the Big Island of Hawaii and that they use the surrounding waters for recreation, sport, food and personal restoration and healing. While Green Party has alleged injury to the environment, it has failed to allege injury to its members' interests in the use of surrounding waters or their ownership of property. Allegations that its members are in the area and use the waters are not sufficient to establish injury. *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130.

Order Denying Plaintiff's Motion for TRO, p. 10. However, following the precedent set in *Trafficante v. Metropolitan Life Ins. Co.,* 409 U.S. 205, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972) and its progeny, the Court found that the "citizen-suit" provision of the Endangered Species Act functions to expand traditional standing and concluded that Green Party could properly maintain its suit. *Id.* at pp. 11–13.

## II. Green Party's Complaint No Longer Presents A Live Case And Controversy, Thus The Court Dismisses The Action As Moot

However, a finding of standing, by itself, is insufficient to confer federal jurisdiction. To qualify as a case fit for "federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona,* 520 U.S. 43, 117 S.Ct. 1055, 1068, 137 L.Ed.2d 170 (1997) (citing to *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975) (additional citations omitted)). While standing is concerned with *who* is a proper party to litigate a particular matter, the doctrines of mootness and ripeness determine *when* that litigation may occur. Mootness has been described as "'the doctrine of standing set in a time frame: the requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) (quoting Monaghan, *Constitutional Adjudication: The Who and When,* 82 Yale L.J. 1363, 1384 (1973)).

The Federal Defendants contend that the instant case has been rendered moot. The Federal Defendants bear a heavy burden to establish mootness. *Headwaters, Inc. v. Bureau of Land Management, Medford District,* 893 F.2d 1012, 1015 (9th Cir.1989) (citing to *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)). A moot action is one where "the issues are no longer 'live' or the parties lack a cognizable interest in the outcome." *Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam).

## A. Green Party's Request For Injunctive Relief Has Been Rendered Moot

■ In its amended complaint, Green Party sought a preliminary injunction to enjoin the U.S. Navy from conducting its Phase III LFA sonar research off the coast of Kona on the Big Island. However, Dr. Clark and the U.S. Navy completed the Phase III research at the end of March 1998 and currently have no plans to resume any type of sonar tests in the marine environment. In fact, on July 16, 1998, Dr. Clark returned the permit to the NMFS and requested its cancellation. Federal Defendants' Ex. 28. On July 24, 1998, the NMFS amended the subject permit to reflect a July 20, 1998 expiration date. Federal Defendants' Ex. 32. Thus, at this time the Federal Defendants have no authority to resume the Phase III testing.

The facts of this case are strikingly similar to those in *Headwaters.* 893 F.2d 1012. In *Headwaters,* the plaintiff, an environmental organization, sued to enjoin the Bureau of Land Management ("BLM") from logging three units of a timber sale. Plaintiff alleged that BLM's management of the timber units violated the Federal Land Policy and Management Act of 1976. All of the disputed

units were logged prior to the appeal. The Ninth Circuit refused to address the merits of the preliminary injunction stating that "[n]o injunction can restore the trees which were logged ... Therefore, Headwaters' injunctive claim is moot." *Id.* at 1015. In the case at bar, the activity underlying Green Party's claim for injunctive relief is complete. The Court cannot "undo what has already been done." *Id.* (citing to *Friends of the Earth, Inc. v. Bergland,* 576 F.2d 1377, 1379 (9th Cir.1978)). The Court finds Green Party's request for injunctive relief to be moot and GRANTS the Federal Defendants' motion to dismiss for lack of subject matter jurisdiction.

## B. Green Party's Request For Declaratory Relief Is Similarly Moot

■ Green Party's Complaint further requests the following declarations: (1) that "the conditions, events, and circumstances identified by plaintiff are a sufficient basis for immediate suspension" and termination of the testing program; (2) that the failure of the NMFS to suspend the program "constitutes a dereliction of duty"; and (3) that the failure of the Federal Defendants and Dr. Clark to cease the testing "constitutes a violation of the requirements in the Environmental Assessment" and the Amended Permit. Complaint, p. 5.

In evaluating Green Party's requests, the Court must determine "whether there can be any effective relief." *Headwaters,* 893 F.2d at 1015 (citation omitted). A case or controversy exists justifying declaratory relief only when "the challenged government activity ... is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties." *Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 122, 94 S.Ct. 1694, 1698, 40 L.Ed.2d 1 (1974). As previously stated, Dr. Clark and the U.S. Navy completed the phase III research in March of 1998. Additionally, upon Dr. Clark's request, the NMFS amended the subject permit to reflect a July 20, 1998 expiration date. Federal Defendants' Exs.

28, 32. Green Party urges the Court to proceed to the merits because there is some possibility that the U.S. Navy will recommence its research. "However, this possibility is too remote to preserve a live case or controversy." *Dufresne v. Veneman,* 114 F.3d 952, 954 (holding that plaintiff's claim had been rendered moot thus requiring dismissal). Green Party has failed to demonstrate a persistent and continuing threat to justify granting declaratory relief. *See People of Village of Gambell v. Babbitt,* 999 F.2d 403 (9th Cir.1993) (holding, in relevant part, that cessation of the subject matter of the suit rendered the plaintiff's request for declaratory relief moot). The Court finds Green Party's request for declaratory relief to be moot. Accordingly, the Court GRANTS the Federal Defendants' motion to dismiss for lack of subject matter jurisdiction.

## C. The Research At Issue Is Not Capable Of Repetition, Yet Evading Review

■ Finally, the Court finds that the LFA sonar research does not present a harm that is "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911). In order for this exception to the mootness doctrine to apply, there must be a reasonable expectation that the same complaining party will be subject to the same injury again and the injury suffered must be of a type so inherently limited in duration that it is always likely to become moot before a federal court can fully review it. *City of Los Angeles v. Lyons,* 461 U.S. at 109, 103 S.Ct. 1660. First, there is simply no "reasonable expectation" that the LFA sonar research will resume as the subject permit has expired. Second, the injury claimed here is not so limited in duration. Rather, Green Party received a ruling on the merits regarding its motion for TRO. Finally, and most compelling, prior to the initiation of any future tests upon endangered species and the marine environment, Dr. Clark and the Federal Defendants would have to apply to the NMFS for a new research permit.[1] Under these regula-

---

1. In the case of endangered marine mammals, the Secretary of Commerce issues research permits to accommodate scientific research under the authority of both the Marine Mammal Protection Act and the Endangered Species Act. 50

tions, Dr. Clark is required to submit a draft Environmental Assessment to explain the proposed research and environmental effects. Thereafter, the NMFS must publish: (1) notice of the request; and (2) the submitted draft Environmental Assessment. A 30–day public review and comment period follows. The requisite 30–day period provides ample time and opportunity for Green Party to seek judicial review.

## CONCLUSION

For the foregoing reasons, the Court finds that Green Party's requests for injunctive and declaratory relief have been rendered moot by the cessation of the disputed LFA sonar research and the expiration of the subject permit. Accordingly, the Court GRANTS the Federal Defendants' motion to dismiss for lack of jurisdiction.[2]

IT IS SO ORDERED.

C.F.R. §§ 222.23(b), 216.41; 16 U.S.C. §§ 1533(d), 1539(ESA); 16 U.S.C. § 1374 (MMPA).

2. Given the disposition on the motion to dismiss, the Court has not considered Green Party's second motion for preliminary injunction filed on June 8, 1998.