# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1327

_____

One Thousand Friends of Iowa      *
     *
         Appellant,      *
     *
     *
     *
King Irving Park Neighborhood      *
Association; Corey Day; Wilbur Butch      *
Devine, Jr.; Michael P. McMurray      *
Jennifer Wilken; Merle Hay Hall;      *
Valley West Des Moines; Bobbye J.      *
McMurray,      *
     *
         Plaintiffs,      *
     *    Appeal from the United States
         v.      *    District Court for the
     *    Southern District of Iowa.
Norman Y. Mineta; Federal Highway      *
Administration; Bobby Blackmon;      *
Franklin Howell; Iowa Department of      *
Transportation; Mark F. Wandro;      *
Scott Dockstader; Jim Rost; City of      *
West Des Moines,      *
     *
         Appellees.      *

_____

Submitted: March 8, 2004

Filed: April 13, 2004

_____

Before MURPHY, HEANEY, and SMITH, Circuit Judges.

_____

HEANEY, Circuit Judge.

One Thousand Friends of Iowa (One Thousand Friends), seeks to enjoin the modification of three highway interchanges in West Des Moines, Iowa. The district court[1] denied One Thousand Friends' motion for a preliminary injunction and entered final judgment in favor of the Federal Highway Administration (FHWA), the City of West Des Moines (City), the Iowa Department of Transportation (IDOT), and the individuals named who are affiliated with these agencies (collectively the appellees). One Thousand Friends now appeals. Because construction on the interchange projects was completed while this appeal was pending, we vacate the district court's opinion and remand with directions to dismiss the case as moot.

## BACKGROUND

Due to an increase in traffic, IDOT and the City proposed changes to three highway interchanges in West Des Moines, Iowa: the 74th Street interchange, the Mills Parkway interchange, and the 105th Street interchange. The 74th Street and 105th Street interchanges are both located along Interstate 80. The Mills Parkway interchange is located along Interstate 35, south of where I-80 and I-35 intersect. The FHWA was required by law to approve these changes. The City and IDOT prepared a single Environmental Assessment (EA) to address the effects of modifying the 74th Street interchange and creating an interchange at Mills Parkway. The 105th Street interchange was not included in the EA. The FHWA reviewed the EA and issued a Finding of No Significant Impact (FONSI) in March of 2002.

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

-2-

In 2000, after IDOT and the City selected the highway interchanges for modification, General Growth Properties (General Growth), a private contractor, announced its intention to build a 200-acre retail center (Jordan Creek development) in the West Des Moines. By way of an agreement with the City, the Jordan Creek development was contingent on the expansion of the above highway interchanges by the summer of 2002.

One Thousand Friends alleges that the FHWA acted arbitrarily and capriciously in issuing its FONSI. One Thousand Friends unsuccessfully attempted to obtain a temporary restraining order. The district court then consolidated One Thousand Friends' request for a preliminary injunction with a hearing on the merits of the case. Finding that the FHWA fulfilled its NEPA obligations, the district court denied One Thousand Friends' motion for a preliminary injunction, found for the appellees on the merits, and dismissed the case. While this appeal was pending, the appellees filed a motion to dismiss the case as moot. On February 24, 2004, the appellees submitted an affidavit from the City's engineer that stated the work on the Mills Parkway interchange and the 74th Street interchange was completed. Both interchanges are now open to traffic.

## ANALYSIS

One Thousand Friends, in its Complaint, sought declaratory relief that the EA was unlawful, and ultimately wanted the construction of the highway interchanges stopped. According to the appellees, the subsequent completion of the construction projects has deprived this court of jurisdiction. They argue that there is no longer a case or controversy for which this court can provide relief.

One Thousand Friends responds by insisting that they are asking for more than just injunctive relief and that the project, as originally defined, is not complete. One Thousand Friends wants a more thorough environmental review to take place, and

theorizes that if this happens, ways to mitigate the environmental impacts of the completed interchanges may be discovered. In support of this argument, One Thousand Friends has submitted an affidavit from an engineer suggesting that some modifications to the highway construction could still be made.[2] Additionally, One Thousand Friends argues that the 105th Street interchange was improperly segmented, and should have been considered in the EA as originally planned.

A NEPA claim does not present a controversy when the proposed action has been completed and no effective relief is available. See Neighborhood Transp. Network, Inc. v. Pena, 42 F.3d 1169, 1172 (8th Cir. 1994) (holding that there was no relief available to the plaintiffs when the I-35W high occupancy vehicle lanes were completed while the case was awaiting appeal); accord Bayou Liberty Ass'n, Inc. v. United States Army Corps of Eng'rs, 217 F.3d 393, 398 (5th Cir. 2000) ("[B]ecause completion of construction of the retail complex has foreclosed any meaningful relief that would flow from granting [the plaintiff's] original requests for relief this action has become moot."); Knaust v. City of Kingston, 157 F.3d 86, 88 (2d Cir. 1998) (dismissing the NEPA claims as moot when the park project was completed and federal monies disbursed because the plaintiff "seeks to enjoin the future occurrence of events that are already in the past").

We agree with the appellees that this case is moot. In its complaint, One Thousand Friends asks for the following: 1) a declaration that the EA failed to satisfy NEPA requirements; 2) an order that the FHWA's FONSI violates NEPA; 3) an order that the FHWA prepare a new EA; and 4) injunctive relief.[3] (Appellant's App. at 44.)

---

[2]We note that this affidavit predates the latest affidavit from the appellees stating that the construction is now 100% complete.

[3]One Thousand Friends has also requested attorneys' fees. "[A] claim for attorneys' fees is generally not sufficient to save a case from being moot." Neighborhood Transp. Network, Inc., 42 F.3d at 1172 n.2.

Considering that the 74th Street and Mills Parkway interchanges have been completed, injunctive relief preserving the status quo as it was when the litigation began would be impossible.[4] As to the 105th Street interchange, injunctive relief preventing modifications to this interchange is premature at this point.[5]

The declaratory relief One Thousand Friends seeks is similarly mooted by the completion of the construction project. NEPA's purpose is aimed at ensuring that the review process is followed correctly by federal agencies, not to second-guess design decisions. See Sierra Club v. United States Forest Serv., 46 F.3d 835, 837 n.2 (8th Cir. 1995) (stating that NEPA "imposes procedural requirements, but not substantive results on agencies"); Richland Park Homeowners Ass'n, Inc. v. Pierce, 671 F.2d 935, 941 (5th Cir. 1982) ("[T]he basic thrust of NEPA legislation is to provide assistance for evaluating proposals for prospective federal action in the light of their future effect upon environmental factors, not to serve as a basis for after-the-fact critical evaluation subsequent to substantial completion of the construction."). There would be no import to this court's declaration that the EA and the FONSI were arbitrary and capricious, nor would any true relief result from an order to write a new EA – the project the new EA would assess is already in place.

One Thousand Friends maintains that the FHWA improperly segmented the 105th Street interchange from the other two interchanges and a supplemental EA could impact the 105th Street interchange. A segmentation is improper when the

---

[4]One Thousand Friends relies on Airport Neighbors Alliance, Inc. v. United States, 90 F.3d 426 (10th Cir. 1996) for the proposition that project completion does not always lead to a NEPA claim being mooted. In that case, an airplane runway was at issue and the court decided the use of the runway could still be determined. Id. at 429. The use of a highway interchange, however, cannot be similarly regulated.

[5]Counsel for One Thousand Friends admitted during oral argument that his client was not seeking to enjoin construction on the 105th Street interchange at this time.

segmented project "'has *no* independent justification, no life of its own, or is simply illogical when viewed in isolation.'" Save Barton Creek Ass'n v. Fed. Highway Admin., 950 F.2d 1129, 1139 (5th Cir. 1992) (quoting Macht v. Skinner, 715 F. Supp. 1131, 1135 (D. D.C. 1989)). A state improperly segments a project when it seeks to escape the reach of NEPA. Id.

In this case, the 105th Street interchange was not improperly segmented. First, the interchange has independent utility. It is a separate interchange, located along a different highway than the new Mills Parkway interchange and approximately thirty blocks away from the 74th Street interchange. The appellees conducted a separate study and concluded that the 105th Street interchange did not need to be widened to accommodate the increased traffic as a result of the Jordan Creek development. Furthermore, the 105th Street interchange is not slated for modification until 2005 – long after the completion of the other interchanges. Finally, the appellees have not avoided NEPA requirements by not considering the 105th Street interchange at this time. Congress has appropriated federal money for the project, and as the planning process continues, an EA will be required. One Thousand Friends will be given the opportunity to raise its concerns as to the cumulative effects of the 105th Street interchange in conjunction with the two completed interchanges and the Jordan Creek development when appropriate during that review process. At that time the FHWA will be under an obligation to consider such cumulative effects. See Sierra Club, 46 F.3d at 839 (noting NEPA's requirement to consider the incremental environmental impacts of past and future federal and non-federal projects).

One Thousand Friends could have avoided this result by seeking a stay pending this appeal, but it chose not to do so. In any event, there is no case or controversy for this court to resolve at this time.

## CONCLUSION

Accordingly, we vacate the district court's opinion and remand with directions to dismiss the case as moot.

_____