**CAMDEN COUNTY BEVERAGE CO. v. BLAIR, Commission of Internal Revenue, et al.**

**No. 4532.**

Circuit Court of Appeals, Third Circuit.

Jan. 26, 1931.

See, also, 46 F.(2d) 648.

Walter H. Bacon, Jr., of Trenton, N. J., and Walter S. Keown, of Camden, N. J., for appellant.

Richard H. Woolsey, of Philadelphia, Pa., for appellees.

Before BUFFINGTON and DAVIS, Circuit Judges, and THOMPSON, District Judge.

BUFFINGTON, Circuit Judge.

The appellant in this case was the holder of a permit under the National Prohibition Act (27 USCA) when it filed a bill of complaint in the court below alleging that a few days before two prohibition agents had made forcible entry into the plant and property of the plaintiff and by so doing had obtained certain evidence in reference to the complainant's business. That subsequently, on January 29, 1930, the Prohibition Administrator for New Jersey issued an order against the plaintiff to show cause why its permit should not be revoked and canceled upon grounds based on the acts of the two men who had made the alleged unlawful entry. The bill prayed the court to issue a restraining order pending the determination of this case, restraining them from using all evidence obtained by the said unlawful search. This was done. On April 30, 1930, the District Judge filed an opinion [46 F.(2d) 648], in which he held that the entry of the officers was not illegal, but stating he was disinclined, on a preliminary motion, to pass upon the question with relation to any new proceeding hereafter commenced that might be criminal, for the forfeiture of property, etc. The opinion further stated that jurisdiction on the bill was therefore retained with leave to make further application to the court, and that the rule to show cause, and the temporary restraining order, be dismissed. Subsequently the plaintiff filed an amended bill of complaint praying that on final hearing the court would adjudge the action of the two men illegal, and all evidence obtained thereby should not be used in any revocation proceeding against the plaintiff. On the 24th day of October, 1930, the court heard the case finally and entered a decree which recited that "the Court having considered the evidence and the arguments of counsel, and being of the opinion that complainant is not entitled to the relief prayed for in the bill," dismissed the amended bill and the rule to show cause and restraining order previously granted. Thereupon this appeal was taken.

Pending the hearing of this appeal, the permit, which was for one year, has expired, so that, in case the judgment of the court was reversed, no remedial action as to the expired permit could be granted. The case before us having, therefore, become moot, the appeal is dismissed.