KENTUCKIANS FOR THE
COMMONWEALTH,
INC., Plaintiff,

v.

Colonel John RIVENBURGH,
et al., Defendants,

POCAHONTAS DEVELOPMENT
CORP., et al., Intervenor
Defendants.

No. CIV.A.2:01–0770.

United States District Court,
S.D. West Virginia,
Charleston Division.

July 1, 2003.

Joseph M. Lovett, Esq., John W. Barrett, Esq., Lewisburg, Joe F. Childers, Esq., Lexington, KY, James M. Hecker, Esq., Trial Lawyers for Public Justice, Washington, DC, for Plaintiff.

Michael L. Keller, Esq., Kasey Warner, Esq., United States Attorney, United States Attorney's Office, Charleston, Ruth Ann Storey, Esq., U.S. Department of Justice, Environment & Natural Resources Div., General Litigation Section, Washington, DC, Terry Clarke, Esq., Kristin E. Budzynski, Esq., U.S. Army Corps of Engineers, Office of Counsel, Huntington, Steven E. Rusak, Esq., John C. Cruden, Esq., Jon M. Lipshultz, Esq., Thomas L. Sansonetti, Esq., U.S. Department of Justice, Environment & Natural Resources Division, Environmental Defense Section, Russell W. Petit, Esq., U.S. Army Corps of Engineers, Office of Chief Counsel, Washington, DC, Mark A. Nitczynski, U.S. Department of Justice/ENRD, Environmental Defense Section, Denver, CO, for Corps Defendants.

W. Henry Lawrence, IV, Esq., Robert D. Pollitt, Esq., Ancil G. Ramey, Esq., Richard L. Lewis, Esq., Steptoe & Johnson, Charleston, for Defendant–Intervenor Pocahontas Development Company.

Richard J. Bolen, Esq., Huddleston, Bolen, Beatty, Porter & Copen, Huntington, Timothy J. Hagerty, Esq., Amy D. Cubbage, Esq., Frost, Brown, Todd LLC, Louisville, KY, for Defendant–Intervenor Horizon NR, LLC.

Robert G. McLusky, Esq., James R. Snyder, Esq., Lindsey K. Griffith, Esq., John C. Wilkinson, Esq., Jackson & Kelly, Charleston, for Defendant–Intervenor Kentucky Coal Association.

### MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

Pending is Plaintiff's motion to file a supplemental Complaint setting forth

events that have occurred since the filing of the original Complaint and adding a new claim for relief based on those events. For reasons that follow, the motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The original Complaint by Kentuckians for the Commonwealth (KFTC) challenged Defendants the Army Corps of Engineers' (the Corps') decision to issue a Nationwide Permit 21 (NWP 21) authorization under the Clean Water Act (CWA) to Martin County Coal Corporation (MCCC) to place mining spoil from its surface coal mining operations in waters of the United States. In Count One, KFTC alleged the Corps had no authority to issue permits under § 404 of the CWA to dispose of waste rock from surface coal mining activities in streams. On May 8, 2002 the Court granted summary judgment to KFTC on Count One and enjoined Defendants from authorizing the disposal of mining waste in waters of the United States.

In response to this order, MCCC's successor in interest, Beech Fork Processing, Inc. (Beech Fork), asked the Corps on June 3, 2002 to revise its NWP 21 authorization. Beech Fork told the Corps it could mine all the coal without placing mining spoil in jurisdictional waters of the United States. On that basis, the Corps modified Beech Fork's NWP 21 authorization on June 21, 2002.

In its June 3, 2002 letter to the Corps requesting a modified NWP 21 authorization, Beech Fork told the Corps that if the Court's May 8 injunction were reversed on appeal, it "intends to operate as it initially planned to operate pursuant to its original authorization," i.e., it intended to place mining spoil in jurisdictional waters of the United States. On February 27, 2003, our Court of Appeals reversed this Court's May 8, 2002 injunction.

In Count Six of its proposed Supplemental Complaint, KFTC alleges the Corps has no authority to modify Beech Fork's NWP 21 authorization to allow Beech Fork to place mining spoil in jurisdictional waters of the United States. Condition 19 of the General Conditions for all Nationwide Permits under § 404 of the CWA, 33 U.S.C. § 1344, provides that projects subject to NWPs "must be designed and constructed to avoid and minimize adverse effects to waters of the U.S. to the maximum extent practicable at the project site (i.e., on site)." (Proposed Supp. Compl. ¶ 6 (citing 67 Fed.Reg.2092 (Jan. 15, 2002)).) Based on Beech Fork's admission in its June 3, 2002 letter to the Corps that it is practicable to mine coal under its permit without placing spoil in the waters of the United States, KFTC contends in Count Six the Corps has no authority to modify Beech Fork's NWP 21 authorization to allow such placement of mining spoil. As relief, KFTC seeks a declaration Defendants lack authority to modify Beech Fork's NWP authorization to allow placement of mining spoil in United States waters and an injunction to prohibit that action.

Defendants respond that the Corps authorized Beech Fork to discharge mine spoil or overburden into waters of the United States under the Corps' 1996 NWP 21. 61 Fed.Reg. 65,874–65,922 (Dec. 13, 1996). Because the CWA limits the duration of NWPs to no more than five years, 33 U.S.C. § 1344(e)(2), the 1996 NWP 21 expired on February 11, 2002. 67 Fed.Reg.2020 (Jan. 15, 2002). Under the Corps' implementing regulations, projects under construction or under contract to commence in reliance on the expiring NWP 21, remain authorized for an additional twelve (12) months after the 1996 NWP 21 expired. Beech Fork, for example, had to complete its project by February 11, 2003, at which time its

authorization under the 1996 NWP 21 expired. Because Beech Fork's NWP 21 authorization has expired and the Corps has not issued a new authorization, Defendants contend *Count* 6 of the proposed supplemental complaint raises an issue that is moot and the motion to amend must, therefore, be dismissed as futile. KFTC agrees that Beech Fork's original NWP 21 authorization is moot, but contends its amendment falls within the exception to mootness because it relates to matters capable of repetition yet evading review.

## II. DISCUSSION

### A. *Motion to Amend Complaint: Futility and Mootness*

■ *Rule* 15(a) provides for amendment of a party's pleadings after a responsive pleading is served only by consent of the adverse party or leave of court, and "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, amendment should be allowed "only in the absence of untimeliness, undue delay, bad faith, substantial prejudice to the adverse party and futility." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir.1986)(citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980)).

■ Federal courts only decide "Cases" and "Controversies." U.S. Const. art III, § 2. Generally, an action is moot when the issues presented are no longer live and therefore the parties lack a legally cognizable interest for which the courts can grant a remedy. *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 45, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997)(an actual controversy must be extant at all stages of review).

■ The Supreme Court has established an exception to the general principle of mootness for cases in which the challenged conduct is capable of repetition but evades review. *Weinstein v. Bradford*, 423 U.S. 147, 148–49, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); *Southern Pacific Terminal Co. v. I.C.C.*, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911). This exception is only applicable where: (1) the challenged action is too short in duration to be fully litigated before the case will become moot; and (2) there also is a reasonable expectation that the complaining party will be subjected to the same action again. *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

In this case, the challenged permit and its automatic extension have expired and the issues regarding the 1996 NWP–21 and Beech Fork are moot unless the five-year permit and its one-year extension fall within the repetition/evasion exception to the mootness doctrine. The first prong requires a challenged action too short in duration to be fully litigated before becoming moot. Because this mootness inquiry turns on duration of the permits at issue, the permit regime must be examined.

### B. *Nationwide Permits, NWP 21, Duration and Extension*

The CWA prohibits the "discharge of any pollutant" into "navigable waters" unless authorized by a permit under the CWA. 33 U.S.C. § 1311(a), 1362(7) & (12). "Pollutant" includes "rock" and "sand," and "navigable waters" includes all "waters of the United States." 33 U.S.C. § 1362(6) & (7). Under the CWA, pollutants may be discharged into United States waters under two permit programs, Section 402 and 404. *Id.* §§ 1342, 1344. Section 404 creates a permit program ad-

ministered by the Corps, authorizing the Corps to issue permits only in connection with the "discharge of dredged or fill material into the navigable waters at specified disposal sites." *Id.* § 1344(a). Section 402, which authorizes the Environmental Protection Agency to issue permits for the discharge of any pollutant or combination of pollutants, except as provided in § 404, is not at issue here.

Under § 404, the Corps is authorized to issue two types of permits, individual and general. General permits may be issued on a State, regional, or nationwide basis if the Secretary of the Army (through the Corps) determines that "the activities in such category are similar in nature, will cause only minimal adverse environmental effects when performed separately, and will have only minimal cumulative adverse effect on the environment." 33 U.S.C. § 1344(e). These general permits may not be issued for a period of more than five years. *Id.*

Nationwide permits (NWPs) are a type of general permit, 33 C.F.R. § 330.1(b), which authorize activities that satisfy all of the NWP's terms and conditions. *Id.* § 330.1(c). In most cases, permittees may proceed with activities authorized by NWPs without notifying the district engineer. *Id.* § 330.1(e)(1). Certain NWPs, however, require notification of the district engineer prior to commencing the activity. NWP 21, at issue here, has such a requirement. NWP 21 covers "activities associated with surface coal mining activities provided they are authorized by the Department of the Interior, Office of Surface Mining (OSM), or by states with approved programs under Title V of the Surface Mining Control and Reclamation Act of 1977." 61 Fed.Reg. at 65,874. To be authorized properly under NWP 21, project proponents must file a pre-construction notification (PCN) with the Corps, and the

Corps must verify applicability of the NWP. *Id.* at 65,916.

Like all general permits, NWPs are of limited duration. Under the Corps' implementing regulations,

> If an NWP is not modified or reissued within five years of the effective date, it automatically expires and becomes null and void. Activities which have commenced (i.e., are under construction) or are under contract to commence in reliance upon an NWP will remain authorized provided the activity is completed within twelve months of the date of an NWP's expiration, modification, or revocation[.]

33 C.F.R. § 330.6(b).

The 1996 NWP–21, as noted above, was issued December 13, 1996, 61 Fed.Reg. 65,874, took effect February 11, 1997, and expired February 11, 2002. Through the automatic extension provision, projects continued to be authorized under the 1996 NWP until February 11, 2003. On January 15, 2002 the Corps reauthorized NWPs, 67 Fed.Reg.2020, to become effective March 18, 2002 and expire March 19, 2007.

Two changes were proposed and adopted for the 2002 NWP 21:

> First, the Corps proposed to require a specific determination by the District Engineer on a case-by-case basis that the proposed activity complies with the terms and conditions of this NWP and that adverse effects to the aquatic environment are minimal both individually and cumulatively after consideration of any required mitigation before any project can be authorized. Second the Corps proposed to add clarification to NWP 21 that the Corps will require mitigation when evaluating surface coal mining activities in accordance with General Condition 19. In addition, the Corps Section 404 review will address

the direct and indirect effects to the aquatic environment from the regulated discharge of fill material.

66 Fed.Reg. at 42076; 67 Fed.Reg. at 2038.

Because of the expiration of the 1996 NWP 21 and its one-year extension, Beech Fork currently has no CWA § 404 authorization to fill streams with overburden. Beech Fork has applied for 2002 NWP 21 authorization for the same mine site. Under the permit, if approved, Beech Fork proposes to fill 9,220 feet of jurisdictional waters of the United States.[1] Plaintiff urges the new application raises issues identical to those in the original complaint as to whether Beech Fork's plan is eligible for an NWP 21 and, in addition, whether it is eligible for a 2002 NWP 21.

### C.  Mootness: Duration and Repetition

■ A case may not be moot if the challenged action is too short in duration to be fully litigated before the case will become moot.  There is no fixed or mechanical test to determine whether a given action is sufficiently short-term to justify its consideration after it has expired.  *See National Wildlife Fed'n v. Costle*, 629 F.2d 118, 123, n. 19 (D.C.Cir.1980)(issues over three-year designation of interim ocean dumping sites not moot although expired). The Supreme Court held that 18 months was not enough time for complete judicial review.  *First Nat'l Bank v. Bellotti*, 435 U.S. 765, 774, 98 S.Ct. 1407, 55 L.Ed.2d 707 (1978).  The Ninth Circuit has held, however, that a one-year permit followed by a five-year permit did not satisfy the exception because five years was enough time for complete judicial review.  *Northwest Res. Info. Ctr., Inc. v. National Marine Fisheries Service*, 56 F.3d 1060, 1070

(9th Cir.1995).  While not dispositive, this appears a reasonable judgment, that a five-year period, like that available for the NWPs, is sufficient for judicial review.

■ KFTC counters that relevant duration is not the time the permit is available, but instead how long it takes Beech Fork to construct each fill, citing *Bayou Liberty Ass'n, Inc. v. United States Army Corps of Engineers*, 217 F.3d 393 (5th Cir.2000). The *Bayou* court relied on the principle "that a request for relief is moot when the event sought to be enjoined has occurred." *Id.* at 396.  In *Bayou* the construction was a retail project and the Fifth Circuit generalized, that "when a party seeks an injunction to halt a construction project the case may become moot when a substantial portion of that project is completed." *Id.* The injunctive relief KFTC seeks, however, is not stopping a construction project, but prohibiting the Corps from modifying the NWP authorization to allow waste dumping in waters of the United States. (Compl.  Relief ¶ 2.) Were the proposed principle applied to this action, in fact, its consequence could be the mooting of any action against the Corps by speedy action of the mining companies, leaving a period for litigation far shorter than the five years now available under a particular NWP. The five-year period plus a one-year extension for NWPs is not a period so short-term as to preclude the completion of litigation.

■ The second prong of the mootness exception requires there be a reasonable expectation that the complaining party will be subjected to the same action again. There is no possibility KFTC will be subjected to the same action because the 1996 NWP 21 and its extension are no longer in

---

1.  Plaintiffs urge comparison with the June 2002 application where Beech Fork asserted it would fill no jurisdictional waters.  In additional contrast, the original application proposed impacts to 33,120 linear feet of jurisdictional waters.  (Pl.'s Mem. in Supp. of Summ. J., Ex. A, Docket # 32.)

effect. However, Beech Fork has a pending application for 2002 NWP 21 authorization and Kentuckians will be able to challenge that authorization, should it be made, as soon as it is made, either under an NWP or an individual § 404 permit. The Corps' future actions under NWP 21 will not, therefore, evade review, but once taken are open immediately to judicial review for a six-year period.

The same analysis applies both to declaratory and injunctive relief. With regard to 1996 NWP 21, a declaration of law would be advisory because no 1996 NWPs are or will be in effect. Similarly, there is no activity under 1996 NWP 21 to enjoin, whether direct authorization or permit modification. Because this Court cannot grant any effectual relief whatever in favor of Plaintiffs, the application to amend the Complaint must be denied as moot and is thus futile.

## III. CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's motion to amend the Complaint because the allegations of proposed *Count Six* are moot, the 1996 NWP–21 and its extension having expired.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record. This Order is published on the Court's website at http://www.wvsd.uscourts.gov.