**NATIONAL PARKS CONSERVATION ASSOCIATION, INC., and Tropical Audubon Society, Plaintiffs**

v.

**UNITED STATES ARMY CORPS OF ENGINEERS, et al., Defendants.**

Case No. 06–22557–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Aug. 22, 2008.

Paul Joseph Schwiep, Coffey Burlington, Miami, FL, Richard Joseph Grosso, Environmental & Land Use Law Center Inc., Fort Lauderdale, FL, Robert N. Hartsell, Lisa B. Interlandi, Everglades Law Center Inc., N. Palm Beach, FL, Jason Alexander Totoiu, Nova Southeastern Shepard Broad Law Cent., Lake Park, FL, for Plaintiffs.

Rochelle L. Russell, Edward S. Geldermann, Mark A. Brown, Senior Trial Attorney, Wildlife & Marine Resources Section, U.S. Department of Justice, Washington, DC, for United States.

### ORDER OF DISMISSAL WITHOUT PREJUDICE AND CLOSING CASE

ADALBERTO JORDAN, District Judge.

For the reasons which follow, this case is DISMISSED WITHOUT PREJUDICE on mootness grounds. The claims in the plaintiffs' third amended complaint [D.E. 76] have been rendered moot by the June 11, 2007, expiration of the challenged permit in this action. This case no longer presents a live case or controversy for which effective relief can be granted.

### I. THE PRIOR LITIGATION

The plaintiffs, two environmental organizations, challenge the decision of the Unit-

ed States Army Corps of Engineers to extend a Clean Water Act permit (a § 404 permit) to fill wetlands in southern Miami–Dade County. The plaintiffs allege that the Corps' extension and modification of the § 404 permit, as well as the opinion of the Fish and Wildlife Service (FWS) issued in conjunction with the extension, violated the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, the Endangered Species Act, 16 U.S.C. § 1531 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 706. Among other things, the plaintiffs seek a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Before considering the various claims, I set out a detailed discussion of the factual background and procedural history of this dispute, which is before me for the second time.

In 1996, Atlantic Civil, Inc. (ACI) applied for a permit under § 404 of the Clean Water Act, which authorizes the Secretary of the Army, acting through the Corps, to regulate discharges of dredged and fill material into the navigable waters through the issuance of permits. *See* 33 U.S.C. § 1344(a). On April 26, 2001, the Corps issued ACI a § 404 permit, Permit No. 1995–06797, which was scheduled to expire on April 26, 2006. On March 14, 2005, ACI requested a 5–year extension of its permit. The Corps, treating the request as a new major modification because the circumstances surrounding the original permit had changed, suspended the permit on August 18, 2005. Following an August 29, 2005, meeting with ACI, the Corps partially reinstated ACI's permit on September 8, 2005. On November 17, 2005, ACI requested a 120–day extension of its permit so that the permit would expire on August 21, 2006. The Corps granted ACI's request and thereafter reinstated ACI's permit in full on December 20, 2005.

On January 31, 2006, the plaintiffs filed a two-count complaint against the Corps, seeking declaratory and injunctive relief. Count I alleged that the Corps' reinstatement and 120–day extension of agricultural fill Permit No. 1995–06797 violated the CWA and the APA. Count II alleged that these same actions violated the NEPA and the APA. *See Nat'l Parks Conservation Ass'n v. United States Army Corps of Eng'rs.*, Case No. 06–20256–Civ–Jordan (*Nat'l Parks I*). Specifically, the plaintiffs alleged that the Corps failed to provide adequate notice and comment regarding its reinstatement of ACI's fill permit, hold a public hearing, explain the grounds for its reinstatement and extension decisions, disclose or discuss the effects of reinstatement and extension, explain how the reinstatement and extension were consistent with the public interest, and/or analyze the intended change in use of the property at the time the reinstatement and extension decisions were made. The plaintiffs also argued that the Corps' actions were arbitrary and capricious. The plaintiffs sought declaratory and injunctive relief, namely, revocation of Permit No. 1995–06797, cessation of any further filling under authority of the permit, and removal of all fill placed pursuant to that permit, until a valid NEPA analysis was completed.

On March 2, 2006, the plaintiffs moved for a preliminary injunction. The parties agreed to stay consideration of the preliminary injunction motion and resolve the matter via cross-motions for summary judgment. After a hearing on the motion, I issued an order on August 15, 2006, granting the defendants' motion for summary judgment. I found that (1) the Corps acted within its authority under the CWA in reinstating the permit; (2) the permit reinstatement did not trigger the NEPA procedural requirements or review

under the CWA; (3) the Corps was not required to apply full NEPA review to the extension request; (4) the Corps did not act arbitrarily or capriciously in granting the extension; and (5) the Corps was not required to institute consultation with the FWS under the ESA with respect to its decisions to reinstate the permit and extend it for 120 days. *See Nat'l Parks Conservation Ass'n v. United States Army Corps of Eng'rs.*, 446 F.Supp.2d 1322, 1343 (S.D.Fla.2006) (*Nat'l Parks I* ).

## II. This Case

ACI had filed a request for a second extension of the permit on March 14, 2006. On August 21, 2006, the FWS completed a biological opinion on ACI's 5–year permit extension request. The Corps issued the second permit extension on August 25, 2006, and relied on the biological opinion in support of the extension. On September 21, 2006, at the request of ACI, the Corps issued a modification to the extension which set the permit's expiration date as June 11, 2007.

On October 17, 2006, the plaintiffs filed this lawsuit, challenging the issuance of the Corps' permit extension, the subsequent modification, and the FWS biological opinion. The plaintiffs allege that the Corps violated the CWA, NEPA, and APA when it extended and modified the permit. The plaintiffs also allege that the Corps violated the ESA by relying on the FWS biological opinion in making its permitting decision. The plaintiffs seek declaratory and injunctive relief, namely (1) a declaration that the Corps' decisions to extend and modify the permit violated of the CWA, NEPA, and APA; (2) a declaration that the FWS biological opinion is arbitrary and capricious, contrary to the consultation requirements of ESA § 7(a)(2), and in violation of the APA; (3) a declara-

tion that the Corps' reliance on the FWS biological opinion is arbitrary and capricious; (4) a judgment setting aside the Corps' decisions to extend and modify the permit; (5) an injunction prohibiting the Corps from authorizing any further action under the permit until the Corps fully complies with the requirements of the CWA, NEPA, APA, and ESA; and (6) an order directing the FWS to withdraw its biological opinion and prepare an opinion that complies with the mandates of the ESA.

On January 11, 2007, the Corps suspended the § 404 permit after receiving ACI's application to change the project's purpose from agriculture to rock mining and residential development. The suspension prohibited ACI from conducting any dredge or fill activities authorized by the August 2006 extension. On January 12, 2007, the Corps moved for voluntary remand and a stay of the proceedings to consider its August 2006 extension and September 2006 modification of the permit. I granted the motion and directed the parties to file joint status reports. The parties filed joint status reports in March, May, and July of 2007. During the stay, on March 1, 2007, ACI formally withdrew its "Development of Regional Impact" application, in which it had sought approval to construct residential and commercial structures on the permitted site. ACI also withdrew from the Corps its application to change the purpose of the permit to residential development and requested that the Corps reinstate the permit for agricultural purposes. On March 2, 2007, ACI submitted a proposal to modify the permit to authorize filling for agricultural purposes and rock mining. ACI subsequently submitted a separate permit application for the rock mining projects, which is still under review by the Corps and the FWS.

On August 10, 2007, the Corps reinstated and modified ACI's permit, which authorized the filling of wetlands in a limited area for agricultural purposes and prohibited filling in areas subject to the still-pending application for rock mining. The plaintiffs filed their third amended complaint on March 10, 2008, and moved for summary judgment on March 14, 2008.

■ On April 4, 2008, the Corps learned that the ACI permit had expired on June 11, 2007, without a grant of extension. On April 14, 2008, the Corps issued a "Notice of Permit Expiration," which instructed ACI to discontinue any fill activity previously authorized under the expired permit. The notice also informed ACI that a new § 404 permit would be required for any dredge and fill activity that occurred after June 11, 2007. It was not until April 14, 2008, that the defendants informed me that the permit had expired and requested a stay of the summary judgment briefing schedule.[1] I requested supplemental briefing on mootness, and subsequently heard oral arguments from the parties. I now conclude that the plaintiffs' claims are moot.

478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982); *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1183 (11th Cir.2007). If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give meaningful relief, then the case is moot and must be dismissed. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir.2001). Dismissal is required because mootness is jurisdictional. *See id.* Indeed, "[a]ny decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Fla. Ass'n of Rehab. Facilities v. Fla. Dep't of Health & Rehabilitative Servs.*, 225 F.3d 1208, 1217 (11th Cir.2000). The Supreme Court, however, has established an exception to the general principle of mootness for cases in which the challenged conduct is capable of repetition but evades review. *See generally Weinstein v. Bradford*, 423 U.S. 147, 148–49, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975). The exception is limited to extraordinary cases where (1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it again. *See id.* at 149, 96 S.Ct. 347.

### III. LEGAL STANDARD

■ Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "cases" and "controversies." *See* U.S. CONST. art. III, § 2, cl. 1. A case is moot when the issues no longer involve a live case or controversy with respect to which the court can provide meaningful relief. *See Arizonans for Official English*, 520 U.S. at 45, 117 S.Ct. 1055 (1997); *Murphy v. Hunt*, 455 U.S.

### IV. DISCUSSION

#### A. COUNTS I, III, AND IV: CWA, APA, AND ESA

In Count I, the plaintiffs allege that the Corps' extension and reinstatement of the permit violated the CWA and the APA, and seek declaratory and injunctive relief. Specifically, the plaintiffs request that I declare the Corps' extension and reinstatement in violation of the CWA and APA, set

---

1. It is the duty of counsel to bring to a court's attention, without delay, facts that may raise a question of mootness. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n. 23, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997).

aside the Corps' decision to issue the extension and reinstatement, and enjoin the Corps from authorizing any further action under the § 404 permit. Count III alleges that the FWS' biological opinion does not meet the consultation requirements of § 7(a)(2) of the ESA and therefore violates the APA. Count IV alleges that the Corps violated the ESA by erroneously relying on the FWS' biological opinion. The plaintiffs request a declaration that the FWS' biological opinion is in violation of the ESA and the APA and direct the Corps and FWS to undertake further ESA consultation. Because the § 404 permit has expired, the plaintiffs' claims under Counts I, III, and IV are moot unless the issuance of a § 404 permit like the one issued to ACI falls within the capable of repetition exception to the mootness doctrine.

### 1. THE DECLARATORY AND INJUNCTIVE CLAIMS ARE RENDERED MOOT BY THE EXPIRATION OF THE PERMIT

■ The expiration of a permit which forms the basis of a claim generally renders that claim moot. *See, e.g., Wallace v. Bureau of Land Mgmt.*, 169 Fed.Appx. 521, 523–24 (10th Cir.2006) (rancher's challenge to expired grazing permit seeking declaratory relief was moot); *Alaska Ctr. for the Env't v. United States Forest Serv.*, 189 F.3d 851, 855 (9th Cir.1999) ("In this case, the challenged permit has expired and therefore the issues regarding [the] permit are moot unless the issuance of a one-year permit falls within the repetition/evasion exception to the mootness doctrine."); *Northwest Res. Info. Ctr. v. Nat'l Marine Fisheries Serv.*, 56 F.3d 1060, 1069 (9th Cir.1995) (claim that agency violated the ESA in issuing a section 10 permit was moot: "NRIC [the plaintiff] challenges an agency action that began and ended in 1993. The section 10 permit

at issue expired on December 31, 1993, and the transportation program is now operating under a new section 10 permit valid from April 1, 1994 to December 31, 1998. Clearly, NRIC can no longer obtain any relief with regard to the transportation program for operational year 1993. 'Where the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done, the action is moot.' ") (footnote and internal citations omitted); *Rahayel v. McCampbell*, 55 F.2d 221, 221 (2d Cir. 1932) (dismissing case as moot where appeal from decree denying review of revocation of alcohol withdrawal permit was argued over a year after revocation: "By its terms the permit would have expired ... though we should decide the revocation to have been invalid, we could give no relief"); *Camden County Beverage Co. v. Blair*, 46 F.2d 655, 655 (3d Cir.1931) (right to enjoin revocation of permit was moot question on expiration of permit pending appeal); *Kentuckians for the Commonwealth, Inc. v. Pocahontas Dev. Corp.*, 269 F.Supp.2d 710, 713 (S.D.W.Va.2003) (challenge to Corps' decision to issue a § 404 permit under the CWA rendered moot: "In this case, the challenged permit and its automatic extension have expired and the issues regarding the [permit] are moot unless the five-year permit and its one-year extension fall within the repetition/evasion exception to the mootness doctrine."); *Sierra Club v. Aluminum Co. of America*, 585 F.Supp. 842, 854 (N.D.N.Y.1984) ("Plaintiff's request for injunctive relief with respect to the expired permit, however, is moot."); G. Coggins & R. Glicksman, 1 Pub. Nat. Resources L. § 8:34 (2nd ed. 2008) (Westlaw database) ("Other kinds of changes typically will be sufficient to justify dismissal of a case as moot. These include ... termination ... of ... a permit [.]").

Applying these cases and authorities, I agree with the Corps that the plaintiffs' CWA, APA, and ESA claims are moot as a result of the § 404 permit expiration. For example, in *Potomac River Ass'n v. Lundeberg Maryland Seamanship School, Inc.,* 402 F.Supp. 344, 346 (D.Md.1975), the district court found moot the plaintiffs' challenge to the defendants' failure to prepare an environmental impact statement regarding the gravity of a permit, noting that the permit had expired and all work authorized under it was complete. Similarly, in *Sierra Club v. Aluminum Co. of America,* 585 F.Supp. 842, 853–54 (N.D.N.Y.1984), the district court held that the expiration of a pollution permit mooted the plaintiff's claim for an injunction against defendant's further violations of the terms of the permit. And in *Hawaii County Green Party v. Clinton,* 14 F.Supp.2d 1198, 1203 (D.Haw.1998), the district court found that the plaintiff's requests for injunctive and declaratory relief had been rendered moot by the cessation of the disputed sonar research and the expiration of the subject permit. *See also Kentuckians,* 269 F.Supp.2d at 716 (finding that declaratory and injunctive claims were moot because the CWA permit expired—"a declaration of law would be advisory," because no permit was in effect, and "there is no activity [ ] to enjoin").

The plaintiffs here seek declaratory and injunctive relief for a permit that has expired and an accompanying biological opinion that has no current legal effect. There is no existing authorization under the CWA or the ESA for me to declare invalid. Moreover, there is no longer a permit before me to set aside. Furthermore, because the permit expired, no future filling may occur, and there is no activity for me to enjoin.

The plaintiffs point to the 196 acres of jurisdictional wetlands that have already been filled. But the plaintiffs did not seek preliminary injunctive relief to halt those fills before they occurred. Instead, the plaintiffs challenged the permit and sought an injunction to "enjoin the Corps from authorizing any *further* action under the permit until the Corps fully complies with the requirements of the [CWA, NEPA, APA, and ESA]." *See* Third Amended Complaint at 59 (emphasis added). The plaintiffs did not request a remand to the agency to remove or remediate the already existing fills.

The plaintiffs also assert that "[h]ere the controversy remains, the Corps issued an unlawful permit resulting in 196 acres of wetland being filled and *Plaintiffs are entitled to a remedy even if the specific remedy requested is no longer available.*" *See* Plaintiffs' Response Brief at 3 (emphasis added). Given the circumstances of this case, however, there is no remedy to be granted. Even if I were to revoke the permit and remand, the Corps has nothing before it to reconsider. There is no existing permit to review. Even if I were to find that the plaintiffs are correct on the merits and that the Corps violated the CWA, ESA, and the APA, a remand would be an exercise in futility because the Corps cannot remedy that violation given that the permit has expired.

 Indeed, at the hearing, the plaintiffs agreed that even if I revoked the permit on the merits, they would not currently be entitled to any injunctive relief with regards to the already existing fills. I would have to remand the case back to the Corps to do the proper analysis, and if the Corps decides its initial analysis was appropriate, then the plaintiffs would appeal, and on that second round, they might be entitled to injunctive relief if they could prevail. As the case stands, however, I

am not at liberty to hypothesize such future occurrences and remand a case to the Corps where the challenged agency action, the § 404 permit, has expired. The "case or controversy" requirement of Article III of the United States Constitution prohibits federal courts from considering questions that cannot affect the rights of the litigants in the case *before* them. *See Amalgamated Ass'n of Street, Elec. Ry. & Motor Coach Employees of America Div. 998 v. Wis. Employment Relations Bd.,* 340 U.S. 416, 418, 71 S.Ct. 373, 95 L.Ed. 389 (1951) (a court may not give an opinion where it cannot grant relief or affect the rights of the litigants before it). A justiciable "case" or "controversy" cannot be built on an edifice of contingencies.

The plaintiffs point to certain decisions holding that, in a wetland filling case, as long as the offensive materials remain in the jurisdictional waters, the issue remains alive and present. *See Sasser v. EPA,* 990 F.2d 127, 129 (4th Cir.1993); *N.C. Wildlife Fed'n v. Woodbury,* No. 87–584–CIV–5, 1989 WL 106517, at *1–4 (E.D.N.C. Apr. 25, 1989); *United States v. Reaves,* 923 F.Supp. 1530 (M.D.Fla.1996); *United States v. Tull,* 615 F.Supp. 610 (E.D.Va. 1983), *aff'd* 769 F.2d 182 (4th Cir.1985), *rev'd on other grounds,* 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987). The plaintiffs' reliance on these cases is misplaced because these cases do not involve an expired permit.

Moreover, Eleventh Circuit precedent establishes that injunctive relief claims in environmental cases are moot when the project at issue is completed. *See, e.g., Save the Bay, Inc. v. United States Army,* 639 F.2d 1100, 1103 (5th Cir.1981) (injunctive claims moot when project completed); *Fla. Wildlife Fed'n v. Goldschmidt,* 611 F.2d 547, 548 (5th Cir.1980) (same). Here, all filling activity has been completed.

**2. THIS CASE DOES NOT FALL UNDER THE CATEGORIES OF CASES THAT REJECT THE MOOTNESS DOCTRINE DESPITE AN EXPIRED PERMIT**

A number of cases hold that, despite an expired permit, a claim is not moot if (1) the plaintiff or petitioner challenges the general authority or jurisdiction of the agency, or (2) the special condition challenged by the plaintiff or petitioner is still in effect. Such decisions, however, do not govern here.

Federal courts have frequently rejected mootness claims, even though the challenged permit has expired, upon a finding of a "subsisting controversy between the petitioner and [the agency] over the authority of . . . that agency." *Montgomery Envtl. Coalition v. Costle,* 646 F.2d 568, 578–79 (D.C.Cir.1980). For instance, in *Mine Reclamation Corp. v. F.E.R.C.,* 30 F.3d 1519, 1522–23 (D.C.Cir.1994), in which the plaintiffs sought judicial review of the issuance of a permit, partly on the grounds that the agency lacked jurisdiction to issue the permit, the D.C. Circuit held that the case was not mooted by the permit's expiration. Noting that a "case is not moot if our decision respecting the validity of the permit would still affect the rights of the parties," the D.C. Circuit found that its resolution of the case was necessary to define the legal rights of the parties. *See id.* at 1523 (citation omitted). Similarly, in *Cargill, Inc. v. West,* 1994 WL 721593, at * 4–5 (N.D.Cal. Dec. 23, 1994), the district court specifically stated that "[t]he expiration of a permit which is at the center of a legal claim will often render that claim moot," but held that the case was not moot, despite the expiration of the permit, because the dispute between the parties regarding the Corps' authority to assert jurisdiction continued. *Mine Recla-*

*mation* and *Cargill* are distinguishable, because the plaintiffs do not dispute the Corps' general authority to issue, extend, or modify the § 404 permit sought by ACI.

Mootness claims have also been rejected, notwithstanding the expiration of a challenged permit, if the conditions of the expired permit remain in effect. For example, in *Kescoli v. Babbitt,* 101 F.3d 1304, 1309 (9th Cir.1996), a plaintiff challenged an Office of Surface Mining permit to a coal company on the ground that a special condition in the permit did not adequately protect an ancient native American burial site. While the appeal was pending, the permit expired. The Office of Surface Mining had issued a new permit, however, which contained the same special condition challenged by the plaintiff. The Ninth Circuit concluded that, despite the expiration of the original permit, the special condition was still in effect, so the case was not moot. In doing so, the Ninth Circuit explicitly distinguished cases in which the challenged agency action had concluded:

> The present appeal is distinguishable from the appeal in *Northwest Resource Info. Center v. NMFS,* 56 F.3d 1060 (9th Cir.1995). In *Northwest,* the appeal challenged agency action which had already "beg[un] and ended." *Id.* at 1069. Relying on the well-established rule that a case is moot if the court cannot "undo what has already been done," we concluded the appeal was moot.

*Id.* (internal citation omitted).

Drawing upon this distinction, the Eleventh Circuit in *Sierra Club v. EPA,* 315 F.3d 1295, 1304 (11th Cir.2002), held that the EPA's subsequent approval of Georgia's State Implementation Plan superseded its earlier Adequacy Determination, thereby rendering the case moot. It specifically noted that "[t]his case differs from *Kescoli* in precisely this respect. EPA's Adequacy Determination was an action of limited legal effect, and that effect ended when the SIP Approval superseded the Adequacy Determination." *Id.* The Eleventh Circuit concluded that, "[a]t this juncture, vacating EPA's [ ] Adequacy Determination would accomplish nothing." *Id.* at 1301. As in *Sierra Club,* no conditions of the expired § 404 permit are currently in effect, and vacating the expired permit would accomplish nothing. The Corps instructed ACI to discontinue any fill activity previously authorized under the expired permit and informed ACI that a new § 404 permit will be required for any further dredge and fill activity. *See* "Notice of Permit Expiration," Federal Defendants' Response to Order to Show Cause, Exhibit 7 at 2. Thus, because the § 404 permit has expired in its entirety, and no conditions are currently in effect, the plaintiffs' claims are moot.

**3. WHOLLY PAST VIOLATIONS AND CLAIMS OF POSSIBLE FUTURE HARM DO NOT CREATE A CASE OR CONTROVERSY**

▮ My conclusion that the plaintiffs' claims are mooted by the expiration of the challenged permit is supported by the Supreme Court's holding that § 505(a) of the CWA does not confer federal jurisdiction over citizen suits for wholly past violations. *See Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.,* 484 U.S. 49, 57, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987). The Supreme Court referenced "long standing principles of mootness" that "protect[ ] defendants from the maintenance of suit under the Clean Water Act based solely on violations wholly unconnected to any present or future wrongdoing." *Id.* at 66–67, 108 S.Ct. 376.[2] Applying *Gwaltney,* the district court in *Cmtys. for a Better*

---

2. *Gwaltney* involved an NPDES (National Pol-

lutant Discharge Elimination System) permit

*Env't v. Tosco Ref. Co.*, 2001 WL 114441, at *8 (N.D.Cal. Jan. 29, 2001), found that the plaintiffs' suit became moot upon the Board's adoption of the amendment to the defendant's permit, and, additionally, upon the defendant's sale of the refinery. The court noted that, after *Gwaltney*, where post-complaint events have raised the question of mootness, a CWA citizen plaintiff must establish that continued violations by the permit holder can reasonably be expected to recur to avoid a mootness challenge. *Id.* at *4. The court noted that judicial equitable powers under the CWA "are limited to enforcing standards, limitations, and orders that have been violated. 33 U.S.C. § 1365(a). That enforcement authority does not allow equitable measures that are wholly unrelated to a violation of an existing standard, limitation, or order." *Id.* at *8 (citing *Natural Res. Defense Council v. Southwest Marine*, 236 F.3d 985, 1000 (9th Cir.2000)). The court ultimately found that the court's CWA enforcement authority would not relate to an existing standard, limitation or order, and that "[e]quitable relief in this situation, therefore, is not appropriate under the CWA." *Id.*

Here, the plaintiffs seek "supplemental and injunctive relief" and an order requiring the removal of "this unlawfully placed fill." *See* Plaintiffs' Response to Order to Show Cause at 5. But as in *Gwaltney* and *Cmtys. for a Better Env't*, because the already existing fills are wholly past violations, if violations at all, any ruling would not relate to an existing standard, limitation, or order. Post-complaint events, e.g., the expiration of the permit, have therefore rendered any claims regarding the already-existing fills moot.

under § 402 of the CWA. The plaintiffs here are authorized to bring a § 505 citizens suit for the defendants' alleged failure to comply with §§ 402 and 404 of the CWA. *See Nat'l*

The plaintiffs further argue that ACI might seek reinstatement of the permit through the agency administrative appeal process. *Id.* at 4. Such speculation regarding possible future acts, however, is too speculative to prevent mootness. *See B & B Chemical Co., v. EPA*, 806 F.2d 987, 990 (11th Cir.1986) (execution of warrant made company's challenge moot, and possibility that company might be issued citations following execution of warrant was too speculative to preclude finding of mootness). And if ACI does seek reinstatement of the permit, and if the Corps grants such a request, the plaintiffs can file suit, as they have done twice already.

In sum, the plaintiffs' CWA, APA, and ESA claims have been rendered moot and no longer present a live case or controversy for which effective relief can be granted because the basis of their challenge, the § 404 permit, has expired. Consequently, Counts I, III, and IV are DISMISSED.

## B. COUNT II: NEPA

Count II of the complaint alleges that the Corps violated the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.*, by failing to prepare a NEPA document that adequately addresses the serious environmental issues raised by the Corps' decisions to reinstate and extend ACI's permit. NEPA establishes procedures that a federal agency must follow before taking any action. *See* 42 U.S.C. § 4332(C). It is clear that NEPA imposes a procedural duty upon federal agencies to take a hard look at the environmental consequences of their actions, but does not dictate any particular substantive outcome. *See Ohio Forestry*

*Wildlife Fed'n v. Hanson*, 859 F.2d 313, 315 (4th Cir.1988); *N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs., L.L.C.*, 200 F.Supp.2d 551, 558 (E.D.N.C.2001).

*Ass'n v. Sierra Club,* 523 U.S. 726, 737, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998) (NEPA "simply guarantees a particular procedure, not a particular result"); *Robertson v. Methow Valley Citizens Council,* 490 U.S. 332, 350, 109 S.Ct. 1835, 104 L.Ed.2d 351 (1989) (NEPA itself does not impose substantive duties mandating particular results, but simply prescribes the necessary process for preventing uninformed—rather than unwise—agency action); *Sierra Club v. Van Antwerp,* No. 07–13297, 2008 WL 1991446, at *6 (11th Cir. May 9, 2008) (same).[3]

## 1. THE PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF IS MOOT

 I cannot reach the merits of the plaintiffs' NEPA claim because the Corps' decision to issue the August 2006 extension for the § 404 permit that authorized the fills has since expired. That means that the NEPA claim is moot. *See Miccosukee Tribe of Indians of Fla. v. United States Army Corps of Eng'rs,* 259 F.Supp.2d 1237, 1244 (S.D.Fla.2003) (in action by Tribe claiming that the Corps violated NEPA by implementing plan, tribe's requests for injunctive relief were rendered moot by the Corps' adoption of new, long-term plan). *See also Madison v. Tulalip Tribes of Washington,* 163 Fed.Appx. 499, 500 (9th Cir. Jan.13, 2006) (appeal centering on whether EPA should have complied with NEPA, by conducting an environmental impact statement or environmental assessment, when it extended coverage under 1998 storm water construction general permit, was rendered moot when general permit expired, and was replaced by new

general permit: "Both parties argue that the case is not moot because the life span of the Tribes' construction projects is short, so the controversy is capable of repeating itself yet evading review. Regardless of whether the short duration of a construction project would prevent judicial review of whether the EPA complies with NEPA when it extends permit coverage to a project, we conclude that the case is still moot because the issue here—whether the government was required to prepare an environmental impact statement for the issuance of general permit coverage to the Tribe for its construction project—is based on an argument that the 1998 general permit is a regulation. Because the 1998 general permit is no longer valid, any determination that the permit is or is not a regulation would not resolve controversies arising under the new 2003 permit."); *Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.,* 460 F.3d 13, 18 (D.C.Cir. 2006) (NEPA claim against Bureau of Land Management was moot, because BLM memorandum, by its terms, was "short-term, temporary" document according to BLM's manual and had expired before district court had issued its opinion); *One Thousand Friends of Iowa v. Mineta,* 364 F.3d 890, 893–94 (D.C.Cir. 2004) (action seeking declaratory judgment and preliminary injunction to halt federal, state, and local efforts to improve roadways and infrastructure supporting super-regional shopping center, as violative of NEPA, was rendered moot by completion of proposed roadway construction project while plaintiffs' appeal was pending, and thus, action had to be dismissed; injunc-

---

**3.** The APA provides for judicial review of agency decisions like the Corps' decision to extend or modify the § 404 permit and the Corps' NEPA decisions during the permitting process: "The reviewing court shall ... hold unlawful and set aside agency action, find-

ings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law [or found to be] without observance of procedure required by law." 5 U.S.C. § 706(2).

tive relief to preserve status quo prior to completion of project would be impossible, and purpose of NEPA was to ensure that government agencies correctly followed review process, not to invalidate completed projects); *Missouri ex rel. Nixon v. Craig,* 163 F.3d 482, 485 (8th Cir.1998) (state's challenge, under NEPA, to annual operating plans adopted by the Corps for river management that would shorten navigation season by two weeks under certain circumstances was moot, where navigation seasons at issue were over, and present plan did not use same approach); *Neighbors Organized to Insure a Sound Env't, Inc. v. McArtor,* 878 F.2d 174, 178 (6th Cir.1989) (issue of whether Federal Aviation Administration and local airport authority complied with NEPA by preparing sufficiently comprehensive environmental assessment for construction of new airport terminal was moot after terminal was completed and operational); *Friends of The Earth, Inc. v. Bergland,* 576 F.2d 1377, 1378–79 (9th Cir.1978) (where all work on exploratory mining operation had ceased because the company had struck water, where the company's permission to extend the adit an additional 3,000 feet had expired without being used, and where the company was under an obligation to secure a water discharge permit from the State of Montana before it could continue exploration, challenge to approval of the drilling on federal land based on alleged lack of compliance with the NEPA was moot).[4]

As for the fills that occurred before the expiration of the permit, they do not afford a basis for continuing NEPA review because binding precedent clearly establishes that injunctive claims are moot when the

project is completed. *See Save the Bay,* 639 F.2d at 1103 (in a suit against several federal defendants, including the Corps, claiming violations of NEPA, claim for injunctive relief prohibiting defendants from proceeding with construction of the railroad project was moot: "[C]onstruction of the railroad is completed ... Accordingly, any injunctive relief to prohibit construction of the railroad is moot."). *See also Goldschmidt,* 611 F.2d at 547–49 (claim that Department of Transportation violated NEPA, in failing to prepare an environmental impact statement for the then remaining unconstructed portion of highway was moot: "We conclude that this case has become moot while on appeal, because of substantial completion of the only portion of the highway construction sought to be enjoined for which no environmental impact statement was prepared.... Where the activities sought to be enjoined have already substantially occurred and the appellate court can not undo what has already been done, the action is moot."); *Bayou Liberty Ass'n v. United States Army Corps of Eng'rs,* 217 F.3d 393, 396–98 (5th Cir.2000) (NEPA claim is moot when proposed action has been completed); *Knaust v. City of Kingston,* 157 F.3d 86, 88 (2d Cir.1998) (NEPA claims dismissed as moot when the park project was completed, because plaintiff sought to enjoin "future occurrence of events that are already in the past"); *Richland Park Homeowners Ass'n v. Pierce,* 671 F.2d 935, 941 (5th Cir.1982) ("the basic thrust of the NEPA legislation is to provide assistance for evaluating proposals for prospective federal action in light of their future effect upon environmental factors, not to serve a basis for after-the-fact critical evaluation

---

4. For a good synthesis of environmental mootness cases involving NEPA claims, *see Oregon Nat'l Res. Council v. U.S. Bureau of* *Land Management,* 470 F.3d 818, 824–27 (9th Cir.2006) (Tashima, J., dissenting).

subsequent to substantial completion of the construction"); *Lundeberg,* 402 F.Supp. at 351 (claims against the Corps for dredging and filling permits, alleging a violation of NEPA and seeking declaratory and injunctive relief was moot: "Such relief is moot as to permits 1 through 5 because all work under the permits has been completed, and the permits have now expired.").

I acknowledge that there are some cases from other circuits that express concern that if the completion of the action challenged under NEPA is sufficient to render the case nonjusticiable, entities "could merely ignore the requirements of NEPA, build its structures before a case gets to court, and then hide behind the mootness doctrine. Such a result is not acceptable." *Columbia Basin Land Protection Ass'n v. Schlesinger,* 643 F.2d 585, 591 n. 1 (9th Cir.1981). But that is not what happened in this case.

And although the Eleventh Circuit has held that a NEPA claim is not moot when some claims are still pending, *see Ouachita Watch League v. Jacobs,* 463 F.3d 1163, 1175 (11th Cir.2006), here there are no pending claims. In *Ouachita,* the Forest Service amended each of the forest plans at issue to remove the provisions that plaintiffs claimed were enacted in violation of NEPA. *Id.* The plaintiffs asserted that a number of Forest Service projects approved under those provisions were still pending, while the Forest Service argued that the provisions no longer affected anything. *Id.* The Eleventh Circuit noted that it simply did not know the status of these projects, and "since the tie goes to the runner in the mootness inquiry and we cannot ascertain whether the provisions have any effect, we must conclude that the Forest Service has failed to carry its

heavy burden to establish that [plaintiffs'] claims are moot." *Id.* In this case, however, the Corps has issued its Notice of Permit Expiration, explicitly instructing ACI to discontinue any fill activity previously authorized under the expired permit, and informing ACI that a new § 404 permit will be required for any dredge and fill activity that occurred after June 11, 2007. No new permit has been issued. Thus, there are no pending claims to resolve.

### 2. THE PLAINTIFFS' REQUEST FOR DECLARATORY RELIEF IS SIMILARLY MOOT

The doctrine of mootness applies to the plaintiffs' claims for both injunctive and declaratory relief. *See Nat'l Solid Wastes Mgmt. Ass'n v. Alabama Dep't of Envtl.Mgmt.,* 924 F.2d 1001, 1003 (11th Cir.1991). The court must "decide the appropriateness and the merits of the declaratory request irrespective of the [its] conclusion as to the propriety of the injunction." *Id.* (citing *Super Tire Eng'g Co. v. McCorkle,* 416 U.S. 115, 121, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974)). As noted earlier, the federal courts may grant declaratory relief only in the case of an "actual controversy." *See Burke v. Barnes,* 479 U.S. 361, 364, 107 S.Ct. 734, 93 L.Ed.2d 732 (1987) (holding that any issues concerning whether bill had become law were mooted when bill expired by its own terms). The test for determining whether complaint seeking declaratory relief survives a mootness challenge is whether there exists "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *McCorkle,* 416 U.S. at 122, 94 S.Ct. 1694. A request for declaratory relief should be dismissed as moot if the challenged action has no continuing adverse effects on the parties. *Id.*

There is no need here to declare that the Corps' permit extension violated NEPA because the permit has expired. *See Miccosukee Tribe of Indians,* 259 F.Supp.2d at 1245.[5] The plaintiff in *Miccosukee* alleged that the Corps' Interim Structural Operational Plan (ISOP) violated the NEPA, ESA, and APA, and asked the court for a declaration that the ISOP was in violation of federal law. *See id.* at 1239. The district court noted that because the Corps had adopted a new plan, the ISOP was "of no further legal force and effect" and "cannot be said to have a continuing adverse effect on the Tribe." *Id.* at 1245. The court further stated that the Corps' adoption of the new plan served to "moot any 'live controversy' in the pending litigation. A declaration by this [c]ourt of the ISOP's [ ] legality would be 'nothing more than gratuitous comment without any force or effect.'" *Id.* (quoting *Emory v. Peeler,* 756 F.2d 1547, 1552 (11th Cir. 1985)). The court therefore found that the tribe's requests for declaratory relief were rendered moot by the Corps' adoption of the new longterm plan. *See id.* at 1245. Similarly, the plaintiffs' declaratory relief claims under NEPA are rendered moot because the expired § 404 permit is of no further legal force and effect, and any declaration regarding its legality would constitute an advisory opinion, which federal courts are not empowered to provide.

## C. THE "CAPABLE OF REPETITION YET EVADING REVIEW" EXCEPTION

 The plaintiffs assert that their claims fall under the long-recognized exception to the mootness doctrine for issues capable of repetition yet evading review. This doctrine allows for a federal court to retain jurisdiction over a case even though it may technically be moot. *See Bourgeois v. Peters,* 387 F.3d 1303, 1308 (11th Cir. 2004). In order for this exception to the mootness doctrine to apply, however, there must be a reasonable expectation that the same complaining party will be subject to the same injury again, and the injury suffered must be of a type so inherently limited in duration that it is always likely to become moot before a federal court can fully review it. *See Spencer v. Kemna,* 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

There are numerous similar cases which establish that claims like those asserted by the plaintiffs do not remain actionable under this narrow exception. *See, e.g., Native Americans for Enola v. United States Forest Serv.,* 60 F.3d 645, 646 (9th Cir. 1995) (holding that claims were moot upon expiration of permit and completion of timber harvest, and were not within exception to mootness doctrine, because permits issued by the Forest Service, and the administrative process leading up to their issuance, were not inherently of such short duration that challenges to their validity would go unreviewed); *Northwest Res. Info. Ctr.,* 56 F.3d at 1070 (9th Cir.1995) (concluding that a one-year permit followed by a five-year permit did not satisfy the exception because five years was "more than adequate time to obtain judicial review"); *Kentuckians for the Com-*

---

**5.** *See also Miccosukee Tribe of Indians of Florida v. United States Army Corps of Eng'rs,* 420 F.Supp.2d 1324, 1344 (S.D.Fla.2006) (holding that declaratory judgment claim was moot because there was no "meaningful relief" that the court could provide: "if the court were to declare that the defendants violated the ESA, CWA, WRDA and APA," the only remedy was implementation of marsh operational criteria, which the Corps was in the process of implementing; *Hawaii County Green Party,* 14 F.Supp.2d at 1203 (finding that plaintiff's requests for declaratory relief had been rendered moot by the cessation of the disputed sonar research and the expiration of the subject permit).

*monwealth,* 269 F.Supp.2d at 715–16 (there is "no possibility [plaintiff] will be subjected to the same action because the [CWA permit] and its extension are no longer in effect"); *Hawaii County Green Party,* 14 F.Supp.2d at 1202–03 ("First, there is simply no 'reasonable expectation' that the [ ] sonar research will resume as the subject permit has expired. Second, the injury claimed here is not so limited in duration. Rather, [plaintiff] received a ruling on the merits regarding its motion for TRO."); *Lundeberg,* 402 F.Supp. at 351("The permits here are not 'short term orders' which may expire before the case reaches our consideration. Judicial review from an administrative decision of the Corps to grant or deny a permit is immediately available to persons aggrieved by the Corps' decisions, and the average life of the five expired permits was three years.").

The plaintiffs challenge the Corps' August 2006 extension (through June of 2007) of the § 404 permit issued in April of 2001. Once issued, a § 404 permit continues in effect until it automatically expires, is modified, suspended, or revoked. *See* 33 C.F.R. § 325.6(a), (d). Typically, § 404 permits automatically expire in five years. Five years is more than adequate time for complete judicial review, and the same is true of a one-year extension. The plaintiffs cannot satisfy the *evading review* prong of the exception because they have not shown that the time between the issuance or extension of the permit and its expiration is always so short as to evade

review. As a matter of fact the litigation in *Nat'l Parks I* shows that meaningful judicial review was available. Moreover, much of the filling previously authorized by the August 2006 extension is now subject to a new and separate permit application for rock mining. *See* "Memorandum for the Record—Subject: Second Reconsidered Reinstatement of DA Permit Number 1995–6797," Federal Defendants' Response to Order to Show Cause, Exhibit 5 at 7. This application is still under review by the Corps and the FWS, and the plaintiffs will have the opportunity to challenge the decision of the Corps if and when the Corps grants the application. *See Kentuckians for the Commonwealth,* 269 F.Supp.2d at 716 (noting that the Corps' future actions would not evade review because defendant had a pending application for a new CWA permit authorization and plaintiff would be able to challenge that authorization if issued). Furthermore, my conclusion that this action will not evade review is bolstered by the fact that the Corps informed ACI that a new § 404 permit will be required for any dredge and fill activity that occurred after June 11, 2007. *See Hawaii County Green Party,* 14 F.Supp.2d at 1202–03 (finding that the plaintiffs' claims did not satisfy the exception to mootness and noting that it was "most compelling" that, prior to any future tests, the defendants would have to apply for a new research permit).[6]

As for the *repetition* prong of this exception, which requires that there be some possibility that the challenged conduct will

---

**6.** Environmental cases holding that an action was not moot because the issue was capable of repetition yet evade review generally involve either plaintiffs disputing the authority of the agency or conditions that are currently in effect despite an expired permit or regulation. *See, e.g., California Coastal Com'n v.*

*Granite Rock Co.,* 480 U.S. 572, 578, 107 S.Ct. 1419, 94 L.Ed.2d 577 (1987); *Greenpeace Action v. Franklin,* 14 F.3d 1324, 1329–30 (9th Cir.1992); *Natural Res. Defense Council, Inc. v. Texaco Refining and Mktg., Inc.,* 20 F.Supp.2d 700, 708 (D.Del.1998).

be repeated and affect the complaining party, the plaintiffs have not demonstrated a reasonable likelihood that the Corps will authorize similar dredging and filling again. *See Kentuckians for the Commonwealth*, 269 F.Supp.2d at 715–16 (there is "no possibility [plaintiff] will be subjected to the same action because the [CWA permit] and its extension are no longer in effect"). But even if the plaintiffs might be subjected to the same action, this case will not evade future review. *See Tulalip Tribes of Washington*, 163 Fed.Appx. at 500 (dismissing case as moot: "Although there may indeed be litigation between these same parties in the future, it is not clear that there would be insufficient time to challenge the coverage under the 2003 permit before it expires."). *See also Lundeberg*, 402 F.Supp. at 352 (finding action moot when "the case is certainly capable of repetition, but it will not evade review").

*Nat'l Solid Wastes Mgmt. Ass'n v. Ala. Dep't of Envtl.Mgmt.*, 924 F.2d 1001 (11th Cir.1991), is instructive. There, the plaintiffs challenged Alabama's land disposal restriction regulations, which did not adopt certain EPA variances. The defendants argued that the case was moot because the

EPA variances had expired and there was no conflict between the challenged Alabama regulations and the relevant federal EPA regulations. *See id.* at 1002. The Eleventh Circuit held that the action was capable of repetition, yet evading review, because Alabama had once again adopted the national standards and had once again rejected the EPA-granted variances. It explained that "[t]he parties in this case are still involved in ongoing disputes about the extent to which a state, given EPA regulations and variances on point, can interfere with the operation of waste disposal facilities." *Id.* at 1003. It also noted that EPA variances were too short-lived because there was "only a little more than seven months for judicial resolution of the state-federal conflict." *Id.* at 1004. Here, in contrast, there is no ongoing dispute, state-federal conflict, or conditions similar to the expired § 404 permit currently in effect.[7]

Finally, the plaintiffs argue that if this case is dismissed as moot, the Corps may "reinstate essentially the same permit" and the plaintiffs would "have to amend their complaint, wait 60 additional days for their ESA claims to ripen and brief the merits of their case on a new record." *See*

---

7. The plaintiffs also invoke the voluntary cessation exception to the mootness doctrine and argue that "the Corps' expiration of ACI's permit is not the type of voluntary cessation that renders this case moot." *See* Plaintiffs Response to Order to Show Cause at 12. However, this is not a case in which a defendant attempts to render an action moot by voluntarily ceasing the challenged conduct. Where a defendant voluntarily ceases challenged conduct, the case is not necessarily moot because nothing would prevent the defendant from resuming its challenged action. In this case, however, the Corps has not voluntarily ceased the challenged action. It was inevitable that the permit expired; the expiration date was set by the September 2006 modification. *See Sierra Club v. EPA*, 315

F.3d 1295, 1303 (11th Cir.2002) (holding that the EPA had not voluntarily ceased the challenged action because it was inevitable that EPA would take some final action). *See also State of Ala. ex rel. Baxley v. Woody*, 473 F.2d 10, 14 (5th Cir.1973) (where only operative fact that supported complaint seeking to permanently enjoin any mineral prospecting or mining in national forest was that coal company was prospecting, and prior to trial coal company ceased to prospect and withdrew all applications to prospect, and there did not appear to be any prospecting or any cognizable danger of future prospecting, either by owners of mineral rights or others, case was required to be dismissed as moot).

Plaintiffs Response to Order to Show Cause at 4. In order to provide protection for the plaintiffs, I grant the plaintiffs leave to file a motion to reopen under Rule 60(b) if the Corps reinstates the same permit within six months from the date of this order.

### V. CONCLUSION

The plaintiffs' third amended complaint is DISMISSED WITHOUT PREJUDICE AS MOOT. This case is CLOSED.