[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

No. 12-14883
Non-Argument Calendar

————————

D. C. Docket No. 4:12-cv-00294-VEH

CHARLES A. BROWN,
LISA M. BROWN,
RONALD L. COLLINS,

Plaintiffs-Appellants,

versus

TENNESSEE VALLEY AUTHORITY,

Defendant-Appellee.

————————

Appeal from the United States District Court
for the Northern District of Alabama

————————

(March 26, 2013)

Before DUBINA, Chief Judge, TJOFLAT and PRYOR, Circuit Judges.

PER CURIAM:

Appellants Charles A. Brown and Lisa M. Brown, husband and wife, and Appellant Ronald L. Collins (collectively "Appellants") challenge the district court's dismissal of their amended complaint against Appellee Tennessee Valley Authority ("TVA").  For the reasons that follow, we affirm the dismissal.

I.

Appellants own land adjacent to Lake Guntersville in Scottsboro, Alabama. TVA owns the land beneath the lake and land along the shoreline up to the 600-foot contour line.  According to the complaint, several years ago, a TVA employee, Richard Thrasher, erroneously told Mr. Brown that TVA "could not" issue a permit allowing the Browns to build a boathouse on the Browns' preferred site on TVA land adjacent to the Browns' property.  Thrasher explained that the preferred site was a protected wetland.  In reliance upon Thrasher's statement, the Browns did not formally request a permit from TVA to build a boathouse at their preferred site.  Instead, Mr. Brown made costly revisions to his plans for his property.  He received a TVA permit to build and constructed a boathouse in a less desirable location to the west of his property.  He also modified the subdivision of his parcel to accommodate the future construction of boathouses in areas allowed by TVA. The Browns allege that these modifications decreased the value of the subdivided lots.  They sold one lot to a third party at a lower price than they would have sold

2

it, absent the modifications.  That party sold the lot to Appellant Ronald L. Collins, who still owns the property.

In March 2010, Appellants learned that TVA granted construction permits to Appellants' neighboring landowners in the location where Thrasher represented that TVA would not allow boathouse construction.  TVA issued these permits without notifying Appellants.  Collins claims that he owns an intervening parcel of land between the shoreline and the neighbors, that this ownership interest prohibits TVA from permitting construction without his consent, and that he does not consent to the construction.  The neighboring landowners did not actually begin construction, and their permits expired after 18 months by operation of law. Appellants and their neighbors are involved in state court litigation concerning their property rights as they relate to the adjoining TVA-owned site for proposed boathouse construction.

Appellants filed the underlying complaint and amended complaint in federal court seeking injunctive and declaratory relief concerning the TVA's issuance of construction permits on land adjacent to their properties.  Further, the Browns sought various damages in tort as a result of their reliance upon Thrasher's

3

misrepresentation.[1]  TVA filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the amended complaint.  While the motion was pending, the district court requested supplemental briefing on the issue of standing.  After hearing oral argument, the district court dismissed Collins's tort claims because he suffered no damages as a result of Thrasher's alleged misrepresentation; Collins's and the Browns' claims for declaratory and injunctive relief because their claims became moot upon the expiration of the neighboring landowners' building permits; and the Browns' tort claims because the Browns lacked standing as their alleged damages were not fairly traceable to TVA.  Appellants timely brought the instant appeal.

## II.

We review *de novo* the dismissal of a case for mootness, *Christian Coalition of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011), or lack of standing, *Ga. State Conference of NAACP Branches v. Cox*, 183 F.3d 1259, 1262 (11th Cir. 1999).

## III.

On appeal, Appellants present two arguments: (A) that the district court's finding of mootness was improper; and (B) that in finding a lack of standing, the

---

[1] At oral argument in the district court, Plaintiffs' counsel conceded that Collins suffered no money damages as a result of Thrasher's misrepresentations, and thus, the tort claims apply solely to the Browns.

4

district court incorrectly concluded that TVA could not be subject to liability for Thrasher's statement concerning TVA permitting, which is a discretionary governmental function. We address Appellants' arguments in turn.

### A.

The Constitution limits the jurisdiction of federal courts to actual cases and controversies. *Yunker v. Allianceone Receivables Mgmt., Inc.*, 701 F.3d 369, 372 (11th Cir. 2012). When a case no longer presents a live controversy, the court can no longer give meaningful relief to the plaintiff, and the case is moot. *Id.* The district court found that Appellants' claims for equitable relief were moot because the TVA-issued permits to the neighboring landowners expired. The district court reasoned that the possibility that the neighbors would petition TVA for new permits was too speculative, and even if TVA issued new permits in the future, Appellants could petition the court for review at that time. We agree that the expiration of the permits moots Appellants' claims against TVA for injunctive or declaratory relief.

Appellants contend that their claims fall under an exception to the mootness doctrine because their requested injunctive relief poses a challenge to the TVA's authority to determine contested property rights while those rights are being litigated in state court. *See Nat'l Parks Conservation Ass'n, Inc. v. U.S. Army*

5

*Corps of Eng'rs*, 574 F. Supp. 2d 1314, 1322–23 (S.D. Fla. 2008) (discussing expired permit cases which reject application of the mootness doctrine).  TVA responds that Appellants failed to raise this argument in the district court.  Even if we choose to consider the argument, TVA contends that federal regulations empower it to issue permits to a party even when that party's ownership or property rights are challenged.  *See* 18 C.F.R. § 1304.2(a).  Appellants view the same regulations as preventing TVA from issuing permits to a party whose property rights are disputed.

After reviewing Appellants' response to the district court's order requesting briefing on the mootness issue, and after reviewing Appellants' assertions to the court at oral argument, it appears that TVA is correct that Appellants did not raise their argument in the district court.  Because we may, but generally do not, review issues which are raised for the first time on appeal, we elect not to consider Appellants' argument.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004).  We therefore offer no opinion as to whose interpretation of 18 C.F.R. § 1304.2(a) is correct.  The district court's dismissal of the declaratory and injunctive relief claims on mootness grounds stands.

B.

6

To have standing, a plaintiff must show that the injury he has suffered is fairly traceable to the defendant's challenged action. *Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011). The Browns' tort claims against TVA arise from Thrasher's representation that TVA "could not" issue a permit for boathouse construction on the Browns' preferred site. The district court found that (1) "those statements were outside of Mr. Thrasher's authority," and (2) TVA's permitting process is a discretionary activity for which the TVA cannot be held liable. [R. 34 at 7.] Consequently, the district court determined that the Browns lacked standing to sue for damages in tort.

The Browns argue that Thrasher's statement did not exceed his authority, and that he was not engaged in a discretionary activity entitling TVA to immunity from suit. TVA contends that Thrasher's alleged misrepresentation was made in the course of TVA's administration of a discretionary permitting program, and thus, TVA cannot be held liable. Alternatively, they contend that Thrasher's statement was true and therefore non-actionable under Alabama tort law.

At present and at the time of the alleged misrepresentation, Thrasher had no authority to approve or deny a permit application. Even if we attribute Thrasher's statement to TVA for liability purposes, TVA would still not be liable. Section 26a of the federal statute creating the TVA empowers the TVA to regulate

7

development along the Tennessee River system.  16 U.S.C. § 831y-1.  TVA has promulgated regulations governing the permitting of structures, including boathouses, along TVA waterways like Lake Guntersville.  Among TVA's regulations is its formal permitting process at issue in this case.  *See* 18 C.F.R. §§ 1304.2–1304.11.  Courts have held that TVA's discretionary decisions and functions, like the administration of a permitting program, are not subject to judicial review.  *See, e.g.*, *N. Ala. Elec. Coop. v. TVA*, 862 F. Supp. 2d 1291, 1301 (N.D. Ala. 2012) (citing and discussing *Peoples Nat'l Bank of Huntsville, Ala. v. Meredith*, 812 F.2d 682, 685 (11th Cir.1987)).  While Thrasher did not render an official permitting decision, which would not be subject to judicial review, [*see* R. 34 at 7 (citing *Ala.-Tenn. Forest Res. Ltd. P'ship v. TVA*, No. CV 93-N-2713-NE, Mem. Op. at 17 (N.D. Ala. Mar. 30, 1995))], Thrasher's alleged misrepresentation was made in the course of the TVA's administration of its permitting program.  Thus, because TVA cannot be held liable for Thrasher's statement to Mr. Brown, we agree with the district court and TVA that the Browns have not alleged facts that would support damages fairly traceable to TVA.  *See Whitmore v. Arkansas*, 495 U.S. 149, 155–56, 110 S. Ct. 1717, 1723 (1990) (explaining that it is the plaintiff's obligation to clearly set forth facts establishing standing).  The district court correctly dismissed the Browns' tort claims for lack of standing.

8

IV.

For the foregoing reasons, we affirm the district court's judgment of dismissal of Appellants' amended complaint against TVA.

**AFFIRMED.**